IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-02720-CMA-SKC

SUSAN HUNDERSON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Second and Third Claims for Relief. (Doc. # 35). For the following reasons, the Motion is granted with respect to Plaintiff's second claim for relief – common-law bad faith – and denied with respect to Plaintiff's third claim for relief – statutory unreasonable delay.

    I.    **BACKGROUND**

This is an insurance coverage dispute arising from a car accident. Plaintiff, Susan Henderson, alleges that she was injured in a car accident on June 27, 2015. (Doc. # 7, ¶ 4). The at-fault driver was Anthony Fugett. (Doc. # 7, ¶ 8). Plaintiff submitted an insurance claim to Fugett's insurance carrier, which paid $100,000 to settle the claim. (Doc. # 1, ¶ 21).

1

According to Plaintiff, the damages she sustained in the accident exceeded Fugett's $100,000 in insurance coverage. (Doc. # 7, ¶¶ 8, 22, 27). Therefore, she submitted a claim for insurance benefits to her own insurer, Defendant State Farm Mutual Automobile Insurance Company. (Doc. # 35, p. 2, ¶ 9). At the time of the accident, Plaintiff had an auto-insurance policy ("Policy") with Defendant, State Farm, (Doc. # 7, ¶ 22), which included up to $100,000 in UIM coverage. (Doc. # 7, ¶ 25). As of July 21, 2020, however, State Farm had apparently not paid Plaintiff any UIM benefits, and Plaintiff filed this lawsuit. (Doc. # 35, p. 4, ¶ 40).

Plaintiff alleges that State Farm has unreasonably delayed or denied payment of her UIM claim. She is suing State Farm, alleging breach of contract, bad-faith breach of an insurance contract, and violations of C.R.S. § 10-3-1115 (statutory unreasonable delay). (Doc. # 7).

State Farm now seeks summary judgment on Plaintiff's second and third claims for relief. (Doc. # 35). State Farm contends that Plaintiff has failed to offer any evidence of unreasonable conduct by State Farm, and that her claim must therefore fail as a matter of law. (Doc. # 25, p. 6).

## II.  LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. F.R.C.P. 56(a). Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256

(1986). The nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

The moving party need not affirmatively negate the nonmovant's claim to obtain summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Instead, the movant only bears the initial burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." *Id.* at 249.

### III.   ANALYSIS

**A.   CLAIM 2: COMMON-LAW BAD FAITH**

State Farm first argues that Plaintiff has failed to offer any admissible evidence to support her claim for common-law bad faith. The Court agrees.

To succeed on a common-law claim for bad-faith denial of an insurance claim, the plaintiff must demonstrate that (1) the insurer's conduct was unreasonable; and (2)

the insurer knew or recklessly disregarded the fact that its conduct was unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272 (Colo. 1985). In this case, however, Plaintiff offers no evidence to suggest that State Farm knew or consciously disregarded the validity of her claim.[1] In fact, the only time Plaintiff's Response mentions the knowledge element of her bad-faith claim is in the "Legal Standards" section of her brief, where she recites the relevant legal principles. (Doc. # 39, p. 11). She makes no attempt to explain how she would prove that element at trial. (*See* Doc. # 39, pp. 11-16 (containing no discussion of the relevant knowledge element)). Although Plaintiff alleges in passing that State Farm's conduct was "willful," (Doc. # 39, pp. 15-16), she fails to establish that engaging in "willful" conduct during the evaluation of a claim is the same as knowing that such conduct is unreasonable. Thus, Plaintiff has failed to present evidence to support her common-law bad-faith claim, and that claim must fail as a matter of law.

**B.   CLAIM 3: STATUTORY UNREASONABLE DELAY**

State Farm next argues that Plaintiff's statutory claim for unreasonable delay or denial of benefits must also fail for lack of evidence. The Court finds that there are genuine factual disputes which preclude summary judgment on this claim.

To establish a claim for unreasonable delay or denial of benefits under C.R.S. § 10-3-1115, the plaintiff must prove that "the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." C.R.S. § 10-3-

---

[1] Indeed, Plaintiff has failed to even allege such knowledge in her Complaint, let alone offer evidence that could prove such knowledge at trial. (*See* Doc. # 7, ¶¶ 35-38).

4

1115(2). The parties agree that there was a delay in the payment of Plaintiff's claim; the parties disagree, however, as to whether that delay was reasonable under the circumstances. "What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury," *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011), and this case is no exception. Both parties have presented evidence to support their respective positions regarding reasonableness: Plaintiff has offered evidence that she provided medical releases and other information to State Farm as early as August 7, 2015, but that as of July 21, 2020, State Farm had still not paid her UIM claim. (Doc. # 39, p. 2, ¶ 2). State Farm, for its part, has presented evidence that the medical records and releases provided by Plaintiff were incomplete, and that its delay in paying the claim was reasonable because it was continuing to gather medical records related to the claim through at least May 6, 2020. (Doc. # 35, p. 4, ¶ 27). Thus, the Court finds that there are genuine disputes of material fact that preclude summary judgment on Plaintiff's statutory unreasonable-delay claim. These include, but are not limited to:

- Whether Plaintiff is entitled to benefits under the Policy;
- Whether and when Plaintiff provided State Farm with the information necessary to investigate the claim; and
- Whether State Farm's investigation of the claim was reasonably diligent.

In view of these factual questions, the Court finds that summary judgment is not appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment on Plaintiff's Second and Third Claims for Relief. (Doc. # 35) is GRANTED IN PART and DENIED IN PART. Defendant is entitled to judgment as a matter of law on Plaintiff's second claim for relief, alleging common-law bad-faith breach of an insurance contract (Doc. # 7, ¶¶ 35-38), and the Motion is GRANTED with respect to that claim. There are genuine disputes of material fact which preclude summary judgment on Plaintiff's third claim for relief, alleging unreasonable delay and denial of insurance benefits in violation of C.R.S. § 10-3-1115, and the Motion is DENIED with respect to that claim.

DATED:  September 21, 2022

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
Senior United States District Judge